■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RODNEY NORELL BYRNES, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the former County Court, Queens County, entered February 17, 1961, which denied, after a hearing, his application to vacate a judgment of said court rendered March 12, 1954 after a jury trial, convicting him of forgery and larceny, both in the second degree, and imposing sentence. Order affirmed. In our opinion it is immaterial that the District Attorney failed to tell defendant of statements made by his codefendant (Essie Iris Jennings) in letters which she wrote to the District Attorney from a Federal jail (where she was then confined), to the effect that defendant was innocent. Nor is it material that the prosecutor did not endeavor to make her available at the trial as a witness in the defendant's behalf. If not guilty, the defendant knew that she (the codefendant) was aware of his innocence. Despite her said conclusory written statements, at her sentencing it was clearly shown that she had implicated the defendant in another written statement which she had made to her attorney. Defendant never communicated with her, nor did she communicate with him or with his family. The defendant's claim at the hearing in this proceeding that his retained attorney had moved for production of the codefendant as a witness available to him is at odds with the record. Such a motion, if made, would have been addressed to the discretion of the court. There is no claim that the District Attorney was involved in any way in the making or disposition of the purported motion. The record does show, however, that, upon the ground that too great an expense would be incurred, the District Attorney did withdraw his application to have the codefendant produced from the Federal prison for the purpose of her arraignment and her trial. That was a matter wholly independent of her availability as a witness for defendant, at his trial, as to which no motion was made by the defendant at his trial or prior thereto. We regard the letter from the codefendant to the District Attorney,

which has been copied into the People's brief, as part of the record; however, in our opinion, it has no significance. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.